1

2                               **UNITED STATES DISTRICT COURT**
                                **DISTRICT OF NEVADA**

3

| | |
|---|---|
| 4   Center Khurasan Construction Company, | Case No. 2:25-cv-00191-CDS-NJK |
| 5                Plaintiff | **Order Adopting Magistrate Judge's** |
| 6   v. | **Report and Recommendation** |
| 7   JS International, Inc., | [ECF No. 8] |
| 8              Defendant | |

9

10        Plaintiff Center Khurasan Construction Company ("CKCC") seeks to register a foreign

11 judgment, apply for a judgment debtor exam, and obtain a writ of execution. ECF Nos. 1–3. On

12 February 24, 2025, United States Magistrate Judge Nancy Koppe denied CKCC's motions because

13 "[a] corporation may appear in federal court only through licensed counsel." Order, ECF No. 4

14 (quoting *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Judge Koppe

15 ordered CKCC to retain licensed counsel to represent it in this case. ECF No. 4. CKCC sought

16 reconsideration of Judge Koppe's order. Mot., ECF No. 5. Although its motion was denied because

17 (1) it failed to meet the standard for reconsideration, and (2) corporations are not permitted to

18 proceed pro se, Judge Koppe extended the deadline for CKCC to retain licensed counsel. Order,

19 ECF No. 6. After the April 21, 2025 deadline expired without CKCC complying or otherwise

20 responding, Judge Koppe sua sponte extended the deadline for CKCC to retain licensed counsel

21 and file a notice of appearance. Order, ECF No. 7. CKCC had until May 7, 2025, to comply but that

22 deadline also expired without response so Judge Koppe issued the instant report and

23 recommendation (R&R) that this case be dismissed without prejudice. R&R, ECF No. 8. CKCC

24 had until May 27, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.*

25 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and

26 recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. §

636(b)(1)(C) (same). Three weeks have passed, and CKCC has not objected to the recommendation of dismissal.

I.    **Discussion**

The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Although de novo review is not required, I nonetheless made an independent review here. The record demonstrates that, despite several opportunities to comply, there is no notice of appearance by an attorney on CKCC's behalf. Indeed, it is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987)). Thus, I concur with the magistrate judge's recommendation and dismiss this case for CKCC's failure to comply with the court's orders to retain counsel.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. CKCC's disregard of Judge Koppe's orders delays this litigation and disrupts the court's timely management of its docket. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption

of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— is greatly outweighed by the factors favoring dismissal; there can be no disposition on the merits if CKCC never retains counsel.

The fifth factor requires me to consider less drastic alternatives to dismissal. However, courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Under these facts, the court can do no more than order CKCC to retain counsel—for a fourth time—so that it may continue to participate in this case. CKCC was adequately warned that a corporation may appear in the federal courts only through licensed counsel and failure to meet its obligation to retain counsel would result in dismissal. ECF Nos. 4, 6, 7. Because CKCC has been unable or unwilling to comply, and is still without counsel, dismissal is warranted here.

**II.    Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 8] is accepted and adopted in its entirety**. This action is dismissed without prejudice based on Center Khurasan Construction Company's failure to comply with the court's orders. The Clerk of Court is directed to close this case.

Dated: June 17, 2025

_____
Cristina D. Silva
United States District Judge